J-A30019-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF MARIE HIRNYK, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ANGELLA PIOTROWSKI, EXECUTRIX OF THE ESTATE OF MARIA HIRNYK, DECEASED | : | |
| | : | |
| | : | No. 84 WDA 2018 |

Appeal from the Order January 10, 2018
in the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 34 of 2013

BEFORE:  SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED APRIL 16, 2019**

I respectfully dissent.  I disagree with the learned Majority that Piotrowski waived her first issue relating to the Multi-Party Account Act's applicability.  Piotrowski's Pa.R.A.P. 1925(b) statement lists the following as her first issue:  "[w]hether the trial court erred by finding that the funds in Citizens Bank account ending in 0168 belonged to Marjorie Weiblinger by operation of the right of survivorship provision of the Pennsylvania Multi-Party Account Act, 20 Pa.C.S. §§ 6301 *et seq.*."  Rule 1925(b) Statement, 2/18/2018, at ¶ 1.

Pa.R.A.P. 1925(b)(4)(v) provides, in relevant part, that "[e]ach error identified in the [Rule 1925] Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court[.]"  I would find the issue as stated in Piotrowski's 1925 statement includes the

---

* Retired Senior Judge assigned to the Superior Court.

subsidiary issues of whether Weiblinger terminated the joint tenancy when she removed Hirnyk's name from the account prior to Hirnyk's death and thus, whether the MPAA applies.

Moreover, having found no waiver, I would find that Piotrowski prevails on the merits. I agree with Piotrowski's argument that the MPAA's right of survivorship provision does not apply because Weiblinger terminated the joint tenancy during Hirnyk's life. Once the joint tenancy ended, there was no right of survivorship for Weiblinger to receive the funds. The monies belong to Hirnyk and should be returned to the Estate.

Accordingly, I would reverse the order of orphans' court and remand for the orphans' court to direct Weiblinger to return the $90,078.25 to Hirnyk's estate.